## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY LEE GENTRY,                )
#14627-032,                        )
                                   )
              Petitioner,          )
                                   )
vs.                                )        Case No. 20-cv-00360-JPG
                                   )
KATHLEEN HAWK SAWYER               )
and U.S.A.,                        )
                                   )
              Respondents.         )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Petitioner Timothy Lee Gentry is in the custody of the Federal Bureau of Prisons ("BOP") and is currently confined at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville). He filed a Petition for Writ of Mandamus (Doc. 1) pursuant to 28 U.S.C. § 1361 in this District on April 16, 2020. The Petition is now before the Court for preliminary review under 28 U.S.C. § 1915A.[1]

Gentry is currently housed in FCI-Greenville's special housing unit (SHU) in administrative, protective, or transfer custody. (Doc. 1, pp. 1-7). He alleges that earlier this month, BOP officials designated the SHU as a "quarantine zone" for inmates who are suffering from suspected or confirmed cases of COVID-19, the disease caused by the novel coronavirus. At FCI-Greenville, sick inmates were allegedly transferred into the SHU and placed in cells alongside inmates already in protective, administrative, or transfer custody who are not suspected of having

---

[1] Section 1915A requires the Court to screen prisoner complaints, including petitions seeking a writ of mandamus in a civil action, and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). The court must dismiss those claims that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

COVID-19.   All inmates were issued a single paper face mask and 3-in-1 shaving gel/body wash/soap.  Gentry questions whether these measures are adequate to contain the virus and prevent further infection.  He remains housed in the SHU alongside sick inmates.  (*Id*.).

Gentry filed the instant Petition after his requests for the BOP's infectious disease and quarantine protocols were denied.  His requests for personal protective equipment, including latex gloves, hand sanitizer, antibacterial soap, and additional masks, were also denied.  Gentry now seeks a Court Order requiring the BOP Director[2] and the United States of America to provide inmates in all BOP facilities with the following, regardless of their indigent status: (1) BOP's protocol for addressing infectious disease and quarantine zones; (2) separate housing for inmates with confirmed or suspected cases of COVID-19;[3] (3) personal protective equipment such as masks and latex gloves; and (4) hand sanitizer and/or antibacterial soap.  (*Id*.).

The historic backdrop for this Petition is pertinent.  In less than four months since the novel coronavirus was identified in late 2019, the virus has infected more than 2.3 million individuals in 213 countries and caused almost 158,000 deaths worldwide.[4]  Most of these deaths have occurred in the past month.[5]  The United States has not been spared.  In fact, this country now holds the record for the highest number of diagnosed cases (over 723,000) and deaths (over 34,000) of any country in the world.[6]  According to the Centers for Disease Control and Prevention, the virus is still in its "acceleration phase" in the United States and shows few signs of slowing down.[7]

---

[2] Michael Carvajal, not Kathleen Sawyer, is identified as the current BOP Director on the Federal Bureau of Prison's website.  *See* https://www.bop.gov/about/agency/bio_dir.jsp (last visited April 20, 2020).  The Clerk will be directed to substitute Michael Carvajal in place of Kathleen Sawyer as a Respondent.

[3] Gentry proposes placing sick inmates in the medical unit, gymnasium, or library *or* leaving them in the SHU and transferring healthy SHU inmates back into the general population under "keep-locked status."

[4] *See* https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last updated April 19, 2020 at 19:00).

[5] *See* https://covid19.who.int/ (last visited April 20, 2020, 11:20).

[6] *Id*.

[7] *See* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/summary.html (last visited April 20, 2020 11:30).

Jails and prisons have been hard hit.[8]  Nationwide, there have been 495 BOP inmates and 309 BOP staff diagnosed with COVID-19.[9]  Of these, 155 inmates and 29 staff have recovered.[10] Unfortunately, 22 inmates have lost their lives to COVID-19.[11]

Gentry brings this action pursuant to 28 U.S.C. § 1361, which establishes jurisdiction for a federal court to compel a federal official or agency "to perform a duty owed to the plaintiff."  *See* 28 U.S.C. § 1361.  The following three elements must be met to issue a writ: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy at law."  *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987).  A writ is an extraordinary remedy.  *Banks v. Secretary of Indiana Family and Soc. Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993).  Therefore, if any of these three elements are missing, the Court must deny the Petition because the petitioner has not demonstrated an entitlement to relief.  *Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003).  Gentry acknowledges that mandamus may be the incorrect vehicle for obtaining the injunctive relief he now seeks, but he implores the Court to "cut [him] some slack" under the circumstances.  (Doc. 1, p. 1).

**Against this backdrop, the Court finds that the Petition survives review under 28 U.S.C. § 1915A and that a Government response is warranted before the Court can fairly and adequately address the Petition.  The Government's Response should not only address whether 28 U.S.C. § 1361 provides the most appropriate avenue to relief but also address whether there are different or better avenues to relief at the institution level or in court via**

---

[8]   *See*   https://www.npr.org/2020/04/13/833440047/the-covid-19-struggle-in-chicagos-cook-county-jail (April 13, 2020) (describing the rate of infection among staff and inmates at Cook County Jail as one of the highest rates of infection anywhere in the country and disclosing more than 500 confirmed cases).
[9] *See* https://www.bop.gov/coronavirus/index.jsp (last visited April 20, 2020 11:50).
[10] *Id.*
[11] *Id.*

actions brought pursuant to 28 U.S.C. § 2241, the Administrative Procedures Act, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or otherwise.  Given the urgent nature of this matter, an expedited response period will be prescribed.  The Government shall respond within fourteen (14) days.

<u>Disposition</u>

The Clerk of Court is **DIRECTED** to **SUBSTITUTE** the Federal Bureau of Prison's current Director **MICHAEL CARVAJAL** in place of **KATHLEEN SAWYER** as Respondent and **TERMINATE** the **UNITED STATES OF AMERICA** and **KATHLEEN SAWYER** as parties.

**IT IS HEREBY ORDERED** that Respondent Carvajal shall answer the Petition or otherwise plead within **14 days** of the date this Order is entered (**on or before May 4, 2020**).[12] This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS SO ORDERED.**

**DATED: April 20, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

---

[12] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate in the course of this litigation is a guideline only. *See* SDIL-EFR 3.